PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered October 4, 1963 in this disciplinary proceeding and filed in this court October 9, 1963, with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
The report of the Board of Governors finds that respondent, Charles K. Inglis, is a member of The Florida Bar, subject to the disciplinary provisions of Article XI, Integration Rule of The Florida Bar, as adopted by the Supreme Court of Florida on March 4, 1950 and subsequently amended, 31 F.S.A.
Pursuant to a complaint filed by The Florida Bar, respondent was charged with committing acts contrary to honesty, justice and good morals all in violation of Rule B, Section 1, paragraph 11; Rule B, Section 2, paragraphs 1, 27, 30 of the Integration Rule of The Florida Bar.
According to the record before us and the information presented at oral argument, the charges grew out of a transaction in which respondent was employed as an attorney to dispose of a remainder interest in 1,185 shares of stock. The clients instructed respondent to “get the best deal” he could for them. Later respondent advised his clients that he had found a purchaser willing to pay 30% of the market price net to them, whereas in fact he had received an offer of 50% of the market value of the stock. The clients, relying on the good faith of their attorney, requested respondent to complete the transaction for them. The respondent represented to his clients that the stock was being sold for $35,194.50, when in fact it was being sold for $58,657.50. Without advising his clients he paid the purchaser’s attorney a commission of $5,-800.00 and retained the balance in the amount of $17,597.25 as his own. Later the clients learned of respondent’s deception and employed an attorney to attempt to secure the balance of the money rightfully belonging to them. A civil suit was filed but was settled out of court for $10,000.00. The former clients of respondent signed a release, covenanted not to institute disciplinary action against the respondent, and paid their attorney his fee. Sometime thereafter The Florida Bar filed a complaint against the respondent, who thereupon filed his answer admitting that he was guilty of the charges in the complaint.
The referee found the respondent guilty of willfully and knowingly making false statements to his clients and wrongfully and secretly withholding and converting to his own use $17,597.25 dollars of his clients’ funds. He found that the clients were obligated to pay an attorney a contingent fee of 331/3% for the institution of the civil suit against respondent and therefore upon settlement recovered only $6,666.67 of the $17,597.25 converted by respondent, making a total loss of $10,930.58 to the clients. The referee recommended that the respondent be suspended from the practice of law for a period of six months and thereafter until he demonstrates that he is entitled to be reinstated and until he pays the wronged clients $10,930.58, with interest from the date of conversion and until he pays the costs of the disciplinary proceedings.
Upon review of the report of the referee and the entire record in the matter, the Board of Governors of The Florida Bar *703 approved and adopted the findings of fact of the referee but found the discipline recommended by the referee inadequate. The Board in its judgment “Ordered and adjudged that the respondent, Charles K. Inglis, be disbarred from the practice of law in Florida for a period of seven years certain and thereafter for an indefinite period of time and that he pay the costs of these proceedings in the amount of $212.-25.”
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court, oral argument has been heard, and upon consideration of the record and the evidence submitted, the court finds the respondent guilty of violations as found by the referee and the Board of Governors of The Florida Bar. However, the circumstances pleaded by respondent in mitigation of his offense are found by this court to have merit. Respondent is a young man now thirty-two years old and the transgression occurred over two years ago during his first two years in practice. He sought and followed the advice of an older respected attorney when his unethical conduct was brought to attention. He admitted his misconduct and divulged the full facts of the situation. He has cooperated with The Florida Bar in its investigation and has displayed an attitude of penitence and remorse. We therefore feel that respondent has demonstrated qualities which indicate that he is a proper subject for ■ rehabilitation, which after all is one of the primary objectives of disciplinary proceedings.
Accordingly, the respondent, Charles K. Inglis, is hereby suspended from the practice of law for a period of eighteen months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $212.25, and further, thereafter until in accord with Article XI, Rule 11.10 of the Integration Rule he shall demonstrate to the Board of Governors and to this Court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. As a condition to reinstatement, the respondent shall either make restitution to his former clients in the full amount as recommended by the referee, or in the alternative, exhibit written evidence that the matter has otherwise been concluded satisfactorily. Respondent shall not be entitled to apply for reinstatement for at least eighteen months from the filing of this opinion. Until he is reinstated by order of this court, respond-, ent shall not directly or indirectly engage in the practice of law.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL and CALDWELL, JT., concur.